UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DIANA M. WILLRODT, ) | |
| ) | |
| Plaintiff, ) | Case No. 09-2000 AJW |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF DECISION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff filed this action for judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural history of this case, which is summarized in the Joint Stipulation. [See JS 2]. In an April 15, 2009 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge (the "ALJ") concluded that plaintiff was not disabled because she could perform jobs existing in significant numbers in the national economy. [Administrative Record ("AR") 19-20].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the [Commissioner's] decision, the [Commissioner's] conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Step 5 finding**

Plaintiff contends that she cannot perform the alternative jobs identified by the ALJ in light of the residual functional capacity ("RFC") assessed by the ALJ. [See JS 4-20].

The ALJ found that plaintiff had a severe impairment consisting of Crohn's disease controlled with medication. [AR 14]. The ALJ determined that plaintiff retained the RFC to perform a range of light work. Specifically, he found that plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk two hours in an eight-hour work day; sit for six hours; climb stairs, but not ladders; and perform simple, repetitive tasks that are object oriented. The ALJ also found that plaintiff should not have any intense interaction with others and should be able to take two five-minute breaks a day. [AR 15].

A vocational expert testified that the light, unskilled jobs of sewing machine operator, Dictionary of Occupational Titles ("DOT") job number 689.685-118, and electronics worker, DOT job number 726.687-010, could be performed with the limitations identified by the ALJ. [AR 43]. Asked by the ALJ

whether her testimony was consistent with the DOT, the vocational expert answered "yes." [AR 44].

Plaintiff argues that the jobs of sewing machine operator and electronics worker are classified as light work in the DOT, and that those jobs exceed her RFC because the ALJ limited her to standing and/or walking for two hours in an eight-hour day. [JS 6]. Plaintiff further contends that the ALJ erred by failing to obtain a reasonable explanation for the apparent conflict between the DOT and the vocational expert's testimony. [JS 8-9].

The Commissioner relies primarily on the DOT for "information about the requirements of work in the national economy." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007)(quoting Social Security Ruling ("SSR") 00-4p, 200 WL 1898704, at *2)). There is a rebuttable presumption that the information in the DOT and its supplementary Selected Characteristics is controlling. Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986); accord, Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The Commissioner "also uses testimony from vocational experts to obtain occupational evidence." Massachi, 486 F.3d at 1153.

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi, 486 F.3d at 1152. Neither the DOT nor the vocational expert's testimony "automatically trumps when there is a conflict." Massachi, 486 F.3d at 1153 (footnote omitted). The ALJ must obtain an explanation from the vocational expert for any conflict and must then determine whether the explanation is reasonable, and whether a basis exists for relying on the expert rather than the DOT. Massachi, 486 F.3d at 1153; see Johnson, 60 F.3d at 1428 (stating that an ALJ may rely on expert testimony which contradicts the DOT "only insofar as the record contains persuasive evidence to support the deviation"). Examples of reasonable explanations for deviation are that the DOT "does not provide information about *all* occupations, information about a particular job not listed in the [DOT] may be available elsewhere, and the general descriptions in the [DOT] may not apply to specific situations." Massachi, 486 F.3d at 1153 n. 17 (citing SSR 00-4p, at *2-*3); see Johnson, 60 F.3d at 1428 & n.7 (stating that "persuasive evidence" supporting deviation from the DOT includes expert testimony that a particular subcategory of job not described in the DOT exists in the local job market).

Plaintiff's contention lacks merit because no material conflict exists between the vocational expert's

3

testimony and the job requirements in the DOT. The DOT classifies the jobs of sewing machine operator and electronics worker as light work. Light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10, 1983 WL 31251, at *5. Additionally, "the full range of light work requires standing and walking, off and on, for a total of approximately 6 hours of an 8-hour workday." 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10, 1983 WL 31251, at *6. The demand for "a good deal of walking or standing" is "the primary difference between sedentary and *most light* jobs." SSR 83-10, 1983 WL 31251, at *5 (italics added). However, not *all* jobs that are classified as "light work" require standing or walking for six hours in an eight-hour day. "[A] job is also in this category [light work] when it involves *sitting most of the time* but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than sedentary work; e.g., *mattress sewing machine operator* . . . ." SSR 83-10, 1983 WL 31251, at *5 (italics added); see 20 C.F.R. §§ 404.1567(b), 416.967(b).

One of the two jobs identified by the vocational expert was essentially a mattress sewing machine operator, the job used an illustration of a mostly seated light job in SSR 83-10. The vocational expert testified that a person with the limitations described by the ALJ could perform DOT job number 689.685-118, "sewing machine operator, special equipment," which involves "tend[ing a] machine that automatically stitches designs to decorate mattress covers and to hold padding in place . . . ." [JS, Exhibit ("Ex.") 1 (copy of DOT entry for job number 689.685-118)].

The DOT classifies the job of sewing machine operator, special equipment, as light work, which means that in addition to requiring frequent lifting or carrying of up to ten pounds and occasional lifting or carrying of up to twenty pounds, the job entails "walking or standing to a significant degree," *or* "sitting most of the time but entails pushing and/or pulling of arms or leg controls," *or* "working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." [JS, Ex. 1]. SSR 83-10's reference to "mattress sewing machine operator" as an illustration of light work in a mostly seated position persuasively buttresses the vocational expert's testimony that no conflict existed between her occupational evidence and the DOT. The vocational expert testified that 16,000 such positions exist regionally, and 190,000 exist nationally. [AR 43].

The same multi-pronged definition of light work applies to the job of electronics worker, DOT job

4

1  number 726.687-010. [See JS, Ex. 1]. The vocational expert testified that 500 of those positions exist
2  regionally, and more than 8,000 exist nationally. [AR 43]. SSR 83-10 does not specifically identify the
3  job of electronics worker as an example of light work entailing mostly sitting. Nonetheless, the vocational
4  expert testified that there was no conflict between her testimony and the DOT with respect to either of the
5  two alternative jobs she identified. [AR 43-44]. Considering the range of standing and walking permitted
6  by the definition of light work, plaintiff has not shown that a material conflict exists between the vocational
7  expert's testimony regarding the electronics worker job and the DOT.

8  Plaintiff argues that the definitions of light work that contemplate "sitting most of the time but
9  entails pushing and/or pulling of arms or leg controls" or "working at a production rate pace entailing the
10 constant pushing and/or pulling of materials even though the weight of those materials is negligible" do
11 not apply here because the DOT does not mention pushing or pulling of arm or leg controls or constant
12 pushing or pulling of materials for either of the two jobs identified by the vocational expert. [JS 19-20].
13 That contention is unavailing.

14 First, even though the definition of light work mentions pushing and pulling, DOT job definitions
15 do not break down the physical demands of any jobs by reference to pulling or pushing with the upper or
16 lower extremities. The DOT does break down job demands with reference to "reaching" and "handling,"
17 which may encompass pushing or pulling with the upper extremities. Both jobs identified by the vocational
18 expert require "frequent" reaching and handling. [See JS, Ex. 1].

19 Second, even if pulling and pushing are not specifically mentioned, the DOT's narrative
20 descriptions do not exclude the possibility that pushing or pulling of arm or leg controls or material is
21 involved in operating the machines or performing the enumerated tasks. [See JS, Ex. 1].

22 Third, the explicit reference in SSR 83-10 to the job of "mattress sewing machine operator" as an
23 example of light work performed in a mostly seated position rebuts plaintiff's argument and strongly
24 supports the vocational expert's testimony that the job can be performed at the light level of exertion and
25 that there was no conflict with the DOT.

26 For all of these reasons, the ALJ did not err in relying on the vocational expert's testimony to find
27 plaintiff not disabled at step five, and that testimony constitutes substantial evidence supporting the ALJ's
28

decision.[1]

**Conclusion**

The Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

July 19, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[1] Because no error occurred, it is unnecessary to consider plaintiff's contention that the ALJ's error was not harmless and that a "borderline age situation" exists warranting reversal for an award of benefits. [See JS 11-16].

6